JAMES S. NELSON *vs.* NARRAGANSETT ELECTRIC LIGHTING CO.

ANNIE D. NELSON *vs.* NARRAGANSETT ELECTRIC LIGHTING CO.

PROVIDENCE—JUNE 23, 1904.

PRESENT: Stiness, C. J., Tillinghast and Blodgett, JJ.

(1) *Negligence. Proximate Cause. Intervening Cause.*

In an action for negligence, declaration alleged that defendant negligently hung an electric light globe in such close proximity to an overhead trolley wire of an electric railway that the globe was broken by the pole on a car slipping from the wire as it was going around a curve and striking said globe, thereby causing it to fall. On demurrer:—

*Held*, that the case was not within the rule laid down in *Hampson* v. *Taylor*, 15 R. I. 83, as to the combination of two causes of injury, both in their nature proximate, the one the defective condition, and the other an occurrence for which neither party was responsible, since the slipping of the pole was not an accident, but *prima facie* negligence on the part of the railway company.

*Held*, further, that such negligence, being the independent act of a responsible person and intervening between the alleged negligence of defendant and the happening of the accident broke the causal connection between the two, and hence was the proximate cause of the accident.

*Held*, further, that the placing of the globe formed only the condition, and not the cause of the accident.

(2) *Negligence. Electric Lighting Plant. License. Judicial Notice.*

*Held*, further, that, the lamp being part of the electric lighting apparatus used for lighting the streets of the city, the court would take judicial notice of the fact that it must have been located and maintained by the authority of the city and hence was rightfully placed in the position it occupied.

TRESPASS ON THE CASE for negligence. Heard on demurrer to declaration, and demurrer sustained.

TILLINGHAST, J. These cases are brought to recover damages for injuries alleged to have been sustained by reason of the defendant's negligence in maintaining a certain electric light, surrounded by a glass globe, in such close proximity to an overhead trolley-wire of the Union Railroad Company, that said globe was broken by the trolley-pole of the car slipping from the wire as it was going around a curve in the street.

The plaintiff James S. Nelson, who is the husband of the

plaintiff Annie D. Nelson, sues to recover damages for loss of services of his wife, and for doctor's bills, etc., in consequence of the injuries which his wife sustained by reason of the accident in question, and his wife sues to recover for the personal injuries which she sustained by reason of the falling upon her of the glass globe which was broken as aforesaid.

The cases were heard together, and are before us on the defendant's demurrers to the plaintiffs' declarations.

The declarations allege, in substance, that the defendant was the owner of certain electric lighting apparatus, including poles, wires, and lamps, for the purpose of lighting the streets of Providence, and that the defendant negligently hung, or permitted to be hung, a certain electric light, surrounded by a glass globe, in such close proximity to an overhead trolley-wire of the Union Railroad Company, and so negligently allowed the same to be and remain in such close proximity to the overhead trolley-wire at the corner of Dorrance and Weybosset streets, that the glass globe was broken by the pole on the trolley car slipping from the wire as it was going around a curve at the corner of said streets, and striking said globe, thereby causing it to fall upon the plaintiff Annie, who was passing along the street in that vicinity, in consequence of which she suffered injuries, while in the exercise of due care on her part.

The grounds of the demurrers are, first, that it appears from the declarations that the alleged negligence was not the proximate cause of the injury; and, second, that it appears that the defendant was not negligent.

The position taken by plaintiffs' counsel in support of the declarations, briefly stated, is this: Two concurring causes, both in their nature proximate, produced the injury complained of. One of these causes was the placing and maintaining, by the defendant, of the lamp referred to in such close proximity to the trolley-wire that the trolley-pole was apt to strike it in case the pole slipped from the wire, and the other cause was the happening of just this event.

In view of this coincidence he contends that the case falls within the rule laid down in *Hampson v. Taylor*, 15 R. I. 83,

where it was held that where two causes combined to produce the injury, both in their nature proximate, the one being the defect in the highway, and the other some occurrence for which neither party was responsible, the corporation was liable, provided the injury would not have been sustained but for the defect in the highway.

In that case, however, it is to be noted that one of the concurring causes was a natural cause, for which no person was responsible. And the question therefore arises whether the same can be said of one of the causes here, namely, the slipping of the trolley-pole from the wire, which certainly was the proximate cause in point of time, at any rate, of the accident in question. Counsel says that the law in the case referred to is applicable to the case at bar. "The slipping of the trolley-pole from the wire," he says, "was a pure accident for which no person was responsible; and hence the proximate cause of the accident was the negligence of the defendant in locating its light."

If this position were tenable the case would seem to fall within the rule above stated. But we do not think it is.

In the first place we do not think it can be said that the slipping of the trolley-pole from the wire was "a pure accident."

An accident, according to the primary definition thereof, as given in Webster's Unabridged Dictionary, is: "An event that takes place without one's foresight or expectation; an event which proceeds from an unknown cause, or is an unusual effect of a known cause, and therefore not expected."

If, as stated by plaintiffs' counsel in his brief, "It is a well-known fact that trolley-poles jump the wire from time to time from various causes, and that this is particularly true in going around curves, as in the case at bar," we fail to see how it can be logically claimed that such an event is "a pure accident" under the definition above given. For a thing which happens so often as to become a well-known fact and a matter of common knowledge, as the fact referred to doubtless is, can hardly be called a pure accident. Again, if it was a pure accident, the defendant was not called upon to anticipate it.

But, even conceding that the slipping of the trolley-pole

from the wire was a pure accident, as argued, yet it certainly can not be said, as a matter of law at any rate, that it was an accident for which no person was responsible; for the trolley-pole was a mechanical appliance connected with the running of an electric car which was being operated by the Union Railroad Company, an undoubtedly responsible person.

If this trolley-pole had not slipped from the wire the accident would not have happened. And as it was *prima facie* negligence on the part of the street railway company in not keeping it on the wire where it belonged, or at any rate in not preventing it from coming in contact with said electric light globe, such negligence, being the independent act of a responsible person, and intervening between the negligence of the defendant (if it was negligent in the premises) and the happening of the accident, broke the causal connection between the two, and hence became and was the proximate cause of the accident. See *Mahogany v. Ward,* 16 R. I. 479.

As well argued by counsel for defendant, the placing of the globe in the position where it was, and maintaining it in that position, formed only the condition under which the accident happened, to which, in order for the globe to break, had to be superadded the negligence of the railroad company in so running its car around the curve as to cause the trolley-pole to fly from the overhead wire and cause the accident.

Placing and maintaining the globe in the position in which it was at the time of the accident were entirely harmless acts in themselves, and would not have resulted in accident except for the intervention of the force which was brought to bear upon said globe by another party. And hence we think the act of the other party, being *prima facie* a negligent act, was the proximate cause of the accident.

(2)   But we think there is another potent reason why the declarations fail to state a case, and it is this: It appears that the lamp in question was a part of an electric lighting apparatus used for the purpose of lighting the streets of the city of Providence. And this being so, it is certainly to be presumed that the poles, wires, and electric lights were located under the direction and with the authority of the city government.

For the court will take judicial cognizance of the fact that the defendant could not erect and maintain such structures without authority from the city so to do.

Under this assumption the globe in question was rightfully in the place which it occupied when it was struck and broken by said trolley-pole. And, being in the place which was presumably designated for it to occupy as aforesaid, it was rightfully there. And the original act, relied on by plaintiffs as being wrongful (and it must have been wrongful in order to render the defendant liable), not being so, the plaintiffs' claim that it was the proximate cause, or one of the proximate causes, of the accident clearly fails, and for the simple reason that if the defendant was not guilty of a wrongful act in maintaining said globe in said position, no liability can attach to it in the premises. For, in the absence of some wrongful act on the part of the defendant, no cause of action can arise.

In this connection it is pertinent to remark that, for aught which appears, the defendant may have obtained the right to locate and maintain the lamp in question at that place prior to the time when the trolley-wire referred to was erected. And if so, it would seem that it was there by priority of right. But however this may be, it was presumably there, at the time of the accident, by lawful authority, as already suggested, and hence we do not think the defendant can be charged with negligence in maintaining it there.

Demurrers sustained, and cases remanded for further proceedings.

*James A. Williams, David S. Baker, Lewis A. Waterman,* for plaintiffs.

*Walter B. Vincent,* for defendant.